## (May 14, 1973)

■ EMILY HEINECKE, Respondent, v. GERHARDT HEINECKE, Appellant.— In an action for divorce or separation, defendant appeals from an order of the Supreme Court, Putnam County, dated November 15, 1972, which, *inter alia,* (1) granted plaintiff's motion to adjudge defendant in contempt for failure to comply with a prior order, dated August 4, 1972, but effective July 24, 1972, directing him to pay temporary alimony, child support and a counsel fee, (2) fined him a total of $1,950, based on arrears of $1,575 in temporary alimony and child support and $375 in the counsel fee, (3) permitted him to purge himself by paying six monthly installments of $325 each and (4) referred to the trial court defendant's cross motion to reduce the support award. Said arrears in the counsel fee have been paid. Order modified by (1) striking therefrom the seventh decretal paragraph which referred the cross motion, and by substituting therefor a provision granting the cross motion to the extent of crediting defendant, as against the temporary alimony and child support award of $125 per week, with the sum of $55 per week, consisting of payments of $30 per week made by defendant directly for support of the parties' son and $25 per week allocable to plaintiff's shelter, as of the effective date of the order dated August

4, 1972; (2) reducing the fine on account of temporary alimony and child support arrears to $750; and (3) changing the purge provision so as to permit defendant to pay said $750 in 15 weekly installments of $50 each, together with current net payments to plaintiff as indicated in item (1) above. As so modified, order affirmed, without costs. It is further directed that the case be processed for an immediate trial, at which the issue as to the financial condition of the respective parties may be fully explored. While we agree with Special Term's determination holding defendant in contempt, we disagree with its refusal to credit defendant, as against the total award of $125 per week, with a sum properly allocable to plaintiff's shelter and with the sum paid by defendant directly to the paternal grandmother for the son's support. The record on appeal demonstrates that the cost of maintaining the marital home occupied by both parties, i.e., for taxes, insurance, fuel and utilities, approximates $50 per week. In our opinion, half of that amount, $25, should have been attributed to plaintiff's shelter and credited to defendant against plaintiff's award. We are of the further opinion that $30 a week is properly attributable to the son's support and should have been allowed against plaintiff's award. Accordingly, defendant is entitled to a credit of $55 a week, in addition to a credit of $20 a week concededly paid to plaintiff; in all, a credit of $75 per week. Consequently, defendant was in arrears in the sum of $50 per week for 15 weeks, for total arrears of $750. We find without merit defendant's contention that "changed circumstances" warrant a reduction in the amount of plaintiff's award and note that no appeal was ever taken from the order of August 4, 1972. We do not approve of the gratuitous manner in which defendant has presumed to allocate the temporary alimony and child support award granted by the order dated August 4, 1972. However, since we here direct an expeditious trial, defendant may continue in the interim to make direct payments in the sum stated for the support of his son and continue to pay the entire cost of the maintenance of the marital home. The balance of the temporary alimony and child support award as granted in the order dated August 4, 1972 shall be paid to plaintiff for her support and that of the parties' daughter. Any claim that the net amount payable to plaintiff is excessive is best resolved by an early trial. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.